## FOSTER et al. v. MITCHELL et al.

1. A voluntary deed of gift of slaves, to one, in trust for the children of the donor, not acknowledged, or proved in open court, but before a justice of

the peace, and recorded, is void under the statute of frauds, against a *bona fide* purchaser from the donor.

2. Although a deed may be insufficient to vest title in the donee, under the statute of frauds, because not acknowledged or proved in open court, it may still operate as a declaration of the donor, evidencing a gift, provided the deed was consummated by a delivery in fact; and the fact, that the donees are infants, residing with their father, does not dispense with proof of a delivery.

3. A father made a deed, conveying three slaves, in trust to a third person, for his children, and afterwards sold two of the slaves. The children filed a bill against the purchaser, and made the father a party defendant, as to whom the bill was taken *pro confesso.* Held, that although the bill was dismissed against the purchaser, the deed not having been acknowledged, in open court, it should have been retained against the father, and a trustee appointed for the remaining slave, still in the father's possession.

Error to the 23d Chancery District. Tried before the Hon. W. W. Mason, Chancellor.

The facts of this case appear in the opinion of the court.

Ormond, for plaintiffs in error, made the following points:

1. The object of the second section of the statute of frauds, requiring voluntary conveyances to be proved in open court, and recorded, when possession did not accompany the deed, was manifestly *notice* merely. The *mode* of proving the deed prior to its registration, was a secondary consideration. It did not establish the *bona fides* of the deed, and was merely intended as *prima facie* evidence of its execution, preparatory to its being recorded. This portion of the statute of frauds, has been repealed by the act of 1836. Clay's Dig. 157, § 39. The language employed in that act is general, and the object to be attained by it, to simplify, and make more easy, the probate of deeds, in order to their registration, applies with as much force to deeds of this description, as to any other.

2. But if I am wrong in this view, the case of Sewall v. Gliddon, 1 Ala. 52, is an authority full to the point, that the deed, though not recorded as the law requires, is still a declaration of the donor evidencing the gift, and the court should not have dismissed the bill, because the probate of the deed was insufficient. Notwithstanding this, it was a valid gift,

if *bona fide.* The donees, being infants of tender years, and as such, residing with their father, his possessession was theirs, and the statute of frauds has nothing to do with the question. Sewall v. Gliddon, *supra.* The only question was, whether there was fraud in fact. This question was not passed on by the chancellor, and could not have been, as the case was not in a condition to be heard on the facts. The defendants moved to dismiss the bill for this cause, and the chancellor improperly responding in their favor upon this motion, rendered all other questions immaterial. The bill, it is admitted, is defective, but will be open to amendment, so as to try the case upon its merits.

E. W. PECK, for defendant in error, Albert P. Bush.

1. The counsel is mistaken: this case was submitted for final decree on bill, answers, exhibits and proof, or rather the agreement of parties as to facts.

2. Bush is a *bona fide* purchaser for valuable consideration, and as the deed is voluntary merely, it is as to him void, because it was not acknowledged, or proved and recorded, as required by the statute of frauds. McRae v. Pegues, 4 Ala. 158, 165; Myers v. Peek, 2 ib. 648; 8 ib. 345.

3. It cannot be sustained under the case of Sewall v. Gliddon, 1 Ala. 52, on the idea that it may be regarded as a parol declaration of the donor's wishes, because it cannot be good as a gift *inter vivos,* for want of possession in donee.

4. The common registry acts do not apply to a deed of this description. See the acts.

CHILTON, J.—The complainants, who are the children of James Mitchell, filed their bill in the chancery court of Pickens county, against the defendants, and aver, that the said James, on the 9th April, 1840, executed to one Benjamin B. Beall, a deed conveying certain negro slaves in the bill mentioned, to him, in trust for the complainants' benefit— said property to remain with the grantor, until the complainants should attain the age of twenty-one, at which time the said property was to vest in them, to their own use *in fee.* This conveyance was upon consideration of the natural love and affection of the father for them. The bill charges, that

the trustee refused to act. That the father, James Mitchell, had sold a portion of the slaves to certain of the defendants, and that he retained only one of them. That the complainants have reason to fear that the slaves will be fraudulently removed, &c. They pray that the trustee may be removed, and another appointed, who may take, and hold the slaves, subject to the trust. That the sales of the slaves by James Mitchell be declared void, and the parties restrained from removing the slaves, and required to have them forthcoming to abide the final decree.

The cause having been submitted upon bill, answers, exhibits and proof, for final decree, the chancellor dismissed the bill for want of equity.

1. The first question presented is, did any property in the slaves pass by the deed, which was acknowledged before a justice of the peace? By our statute of frauds, a voluntary deed of goods and chattels is void as to creditors and purchasers, except where the possession *bona fide* remains with the donee, unless the same be acknowledged, or proved by one or more witnesses in the circuit court, or county court of the county wherein one of the parties lives, within twelve months after the execution thereof. It is very correctly said, by the counsel for the plaintiffs in error, that the design of the statute in requiring such deeds to be proved in open court, and recorded, was to give notice to the world of their existence, in cases where the retention of the possession by the donor might otherwise give him a fictitious credit, or enable him to impose upon purchasers from him. And we cannot resist the conclusion, that the legislature, in discriminating between these and other conveyances, in respect to the mode of their acknowledgment or proof of execution, designed their proof or acknowledgment in open court, as a circumstance tending to give them greater authority, so as to prevent, as far as possible, fraud and imposition by the party in possession. Viewed in this light, the statute was dictated by wisdom and sound public policy. This distinction, we think, has never been lost sight of by the legislature. True, the act of 1836, (Digest, 157, § 39,) authorizing one justice of the peace to take and certify the acknowledgment and probate of deeds, is general in its terms; but we feel fully war-

ranted in saying, that this enactment was not designed to repeal any portion of the statute of frauds. The language employed in the statute of 1836, is persuasive to show a different intention; for the justice is required to take such acknowledgments, &c., in like manner as the judges of the circuit and county courts, clerks, &c. Now, none of the officers referred to had any power to take the acknowledgment of voluntary deeds, when the act was passed, and no such authority has been since conferred. We must then regard the deed as never having been recorded, and void as to purchasers by the statute of frauds.

2. But it is insisted, that although the deed cannot operate as such, for want of registration, it is nevertheless a declaration of the donor, evidencing the gift, which gift, if not fraudulent in fact, would vest the property in the donees. This may be conceded as a correct legal proposition; but before the plaintiffs in error can derive any benefit from it, it must be shown such gift was consummated by delivery; for the deed being invalid, to pass the property as against the purchasers, without delivery of the property, the gift is incomplete. Philips v. McGrew, 13 Ala. Rep. 255.

That the donees were infants residing with the father, does not dispense with actual delivery, either to them or to some one for them, so as to render the parol gift effectual. Sewall v. Glidden, 1 Ala. Rep. 52. Neither the bill nor the proof in this cause, shows that the donor ever parted with his dominion over the property, and this essential element to constitute a valid parol gift, being wanting, the deed as to the purchasers, is valueless, as evidence.

3. But the deed, though absolutely void as to the purchasers, is nevertheless valid as between the parties; and as a delivery of the deed is sufficient to vest the title without the actual delivery of the property, (Newman v. James & Newman, 13 Ala. Rep. 29,) and as Mitchell admits, by his default, that he has one of the slaves in his possession, undisposed of, which he is about fraudulently removing beyond the jurisdiction of the court, may not the complainants have relief against him? Although the donor is permitted by the deed, to retain possession of the property until the donees shall have attained the age of twenty-one years, yet it is made impera-

tive upon the trustee, by the terms of the deed, to see that he does not part with the possession of the property. We think the authorities sustain the position, that although a court of equity will not interfere at the instance of a volunteer, in cases of imperfect gifts *inter vivos* or voluntary assignments, voluntary executory trusts, or imperfect conveyances, yet in cases where the gift is perfected, and the donor retains the dominion, as trustee, over the property, the court will restrain him from defeating the title of the *cestui que trusts ;* 2 Story's Eq. Jurisp., 4 ed., § 793, a, page 123, n. 1 ; and from fraudulently removing the property beyond their reach, especially when he has defeated the gift, as to nearly all the property, by a sale of it to third persons. The chancellor should have dismissed the bill as against the purchasers, but retained it as against James Mitchell, requiring him to find security that he would not remove the property beyond the jurisdiction of the court, and on his failure to do so, that the slave in his possession be placed in the possession of a trustee, to be appointed by the court, and hired out, and the proceeds of the hire paid annually to the said James Mitchell, until the property shall vest in possession in the donees by the terms of the deed.

Let the decree be reversed and remanded, and let the said James Mitchell pay the cost of this court.